**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ALLEN R. RICHARDSON,**

                             **Plaintiff,**

                v.                        **7:06-CV-301**
                                               **(FJS/DRH)**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                             **Defendant.**
_____

**APPEARANCES**                                  **OF COUNSEL**

**CONBOY, MCKAY, BACHMAN &**        **LAWRENCE D. HASSELER, ESQ.**
**KENDALL, LLP**
307 State Street
Carthage, New York 13619
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **SUZANNE M. HAYNES, ESQ.**
**OFFICE OF REGIONAL GENERAL**
**COUNSEL, REGION II**
26 Federal Plaza - Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff brought this action seeking review of the Commissioner's decision to deny him Social Security benefits. Plaintiff moved for a finding of disability, and Defendant cross-moved for judgment on the pleadings. On April 25, 2008, Magistrate Judge Homer issued a Report-

Recommendation and Order, in which he recommended that this Court reverse the Commissioner's decision to deny benefits, grant Plaintiff's motion for a finding of disability, and deny Defendant's motion for judgment on the pleadings. *See* Dkt. No. 10.

Defendant filed objections to the recommendation that the Court make a finding of disability without remand[1] on three grounds: (1) remand is appropriate because the current record does not compel a finding of disability; (2) remand is necessary to evaluate a discrepancy between Plaintiff's alleged disability onset date and his work history; and (3) remand is necessary to determine whether Plaintiff's substance abuse was a contributing factor material to the determination of disability.

## II. BACKGROUND

Plaintiff completed high school and two years of vocational training in health care. He was honorably discharged from the Army after six years of service working as medical staff and an ambulance driver. Plaintiff was stationed in West Germany at a training facility where multiple training accidents resulted in Plaintiff transporting and providing medical care to soldiers and witnessing numerous fatalities. Plaintiff has also worked as a chauffeur, truck loader, phlebotomist, medical laboratory technician, and biochemical coordinator. Plaintiff alleges disability due to depression, Post-Traumatic Stress Disorder ("PTSD"), and substance abuse. *See* Dkt. No. 10 at 3 (and citations therein).

---

[1] Although Defendant does not appear to concede that the ALJ erred with respect to his findings on Plaintiff's credibility and residual functional capacity ("RFC"), Defendant does not specifically object to these parts of the Report-Recommendation and Order.

# III. DISCUSSION

## A. Standard of review

In reviewing the Commissioner's final decision, a court reviews that decision to determine whether the Administrative Law Judge ("ALJ") applied the correct legal standards and whether substantial evidence supports the decision. *See Charlton v. Comm'r of Soc. Sec.*, No. 08-CV-142, 2009 WL 838118, *2 (N.D.N.Y. Mar. 26, 2009) (citation omitted). Substantial evidence means relevant evidence a reasonable mind might find sufficient to support a conclusion. *See id*. (quotation omitted).

Where a party makes specific objections to a magistrate judge's report, district courts engage in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). "'If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.'" *Id*. at 306 (quoting *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (footnote omitted).

## B. Findings to which there is no specific objection

### *1. Severe listed impairments*

Before Magistrate Judge Homer, Plaintiff argued, contrary to the ALJ's findings, that his PTSD, depression, anxiety, and substance abuse, alone or in combination, should have been classified as disability per se under the regulations. *See* Report-Recommendation and Order at 14-15. Magistrate Judge Homer found that Plaintiff's mental impairments were insufficient to constitute a severe listed impairment. *See id*. at 17. As no party has objected to this finding and

there does not appear to be any clear error, the Court adopts this part of Magistrate Judge Homer's Report-Recommendation and Order, for the reasons stated therein, and affirms the Commissioner's findings on this issue.

### 2. *Subjective complaints of pain*

Plaintiff also challenged the ALJ's decision to discredit his subjective complaints of pain and disability. *See* Report-Recommendation and Order at 18. Magistrate Judge Homer found that there was not substantial evidence to support the ALJ's conclusion that Plaintiff's statements regarding his limitations were not totally credible. *See id*. at 20. Magistrate Judge Homer found, instead, that substantial evidence demonstrated that (1) medical evidence supported Plaintiff's PTSD claims; (2) his medical technician experience prohibited further employment in a medical environment; (3) he sought treatment prior to his alleged onset date; and (4) his attempted medical and therapeutic attempts to alleviate symptoms were transient and non-curative.[2] *See id*. at 22. Accordingly, Magistrate Judge Homer recommended reversal of the Commissioner's findings in this regard. *See id*. As no party has objected to this finding[3] and there does not appear to be any clear error, the Court adopts this part of Magistrate Judge Homer's Report-Recommendation and Order, for the reasons stated therein, and reverses the Commissioner's

---

[2] Although this finding appears to flip the standard around (finding that substantial evidence supports reversal instead of finding that substantial evidence does not support the ALJ's conclusion), the Court does not find clear error here because Magistrate Judge Homer also stated that the ALJ's findings were not supported by substantial evidence.

[3] Throughout his objections, Defendant appears to disagree with this conclusion; but Defendant does not specifically object to this reversal, focusing instead upon the decision to find disability without remand.

findings on this issue.

### 3. *Residual functional capacity*

Plaintiff also challenged the ALJ's RFC findings. Magistrate Judge Homer found that, although the ALJ indicated that Plaintiff would need to miss only one day of work per month, there was no reason to disbelieve Plaintiff's testimony that he had three medical appointments per month. *See* Report-Recommendation and Order at 24. Since the RFC finding was, in part, dependant on the ALJ's credibility finding, which this Court has reversed, the Court also adopts Magistrate Judge Homer's recommendation on this issue and reverses the Commissioner's findings on this issue.

**C.    Defendant's Objection to Reversal without Remand**

Magistrate Judge Homer noted that reversal, without remand, is appropriate where there is "persuasive proof of disability" and remand would not serve any purpose. *See* Report-Recommendation and Order at 24. He found the record clear with respect to Plaintiff's credibility and RFC, that remand would serve no purpose, and that credible evidence compelled a finding of disability. *See id.* Defendant objects, arguing that the record does not unequivocally support a finding of disability and that remand is warranted. Defendant also contends, assuming that the ALJ erred with respect to Plaintiff's RFC and credibility, that discrepancies in Plaintiff's work history require a remand. Finally, Defendant claims that remand is necessary for the ALJ to determine whether alcoholism was a material factor in Plaintiff's disability, an issue the ALJ did not reach due to his finding of no disability.

Remand is not necessary "[w]here application of the correct legal standard could lead to only one conclusion." *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) (citation omitted). Nonetheless, it is for the ALJ to weigh conflicting evidence in social security cases. *See id.* (citation omitted).

Initially, it appears that Magistrate Judge Homer's conclusions are based on Plaintiff's absenteeism testimony. Magistrate Judge Homer noted the following: "[t]he ALJ indicated that Richardson would need to miss only one day of work per month. . . . [T]he vocational expert also testified that the 'maximum tolerated rate of absenteeism for unskilled workers is about a day a month . . . [with a maximum of] about three days a year.'" *See* Report-Recommendation and Order at 23. Additionally, Magistrate Judge Homer found that, "[s]ince there is no reason to disbelieve Richardson's testimony that he had three medical appointments per month, resulting in missing three days of work per month and approximately thirty-six days of work per year, Richardson was unemployable . . . ." *See id.* at 24.

Plaintiff's testimony regarding doctor visits was as follows: "I see a doctor twice, once a week actually, a psychiatrist, and then I have my regular appointments at least three times a month." *See* Administrative Record ("AR") at 273. Plaintiff did not testify that he would miss three days of work per month, just that he had that many doctor appointments.

Furthermore, the Vocational Expert's testimony in substance stated that, for the type of work at issue, employers permit a maximum absenteeism rate between three and twelve days per year. *See* AR at 291-92. Accordingly, a finding that Plaintiff would only miss one day per month (twelve days per year) is within the vocational expert's maximum range (at the upper boundary of tolerated missed days of work). The Court finds that there is no unequivocal

evidence regarding the number of days per month that Plaintiff would have to miss work and that, accordingly, remand is necessary for the ALJ to weigh the evidence and make a finding as to the number of days Plaintiff would have to miss per month and whether that limitation would necessitate a finding of disability.

Furthermore, with regard to the medical testimony, the Court finds that there is conflicting medical testimony that the ALJ will need to re-weigh on remand. With regard to Plaintiff's work history, the Court finds that the ALJ has already analyzed that information as part of step one of the sequential analysis of disability. *See* AR at 25-26. The Court finds that Defendant has not provided a reason for the ALJ to revisit that decision and did not raise that issue in his brief to Magistrate Judge Homer.

Finally, with regard to the issue of alcoholism, the Court finds that the ALJ did not have a reason to address that issue once he found Plaintiff was not disabled and that the ALJ, if he finds Plaintiff disabled on remand, should have the first opportunity to weigh the evidence as to whether alcoholism would preclude Plaintiff from receiving benefits. *See* 42 U.S.C. § 1382c(a)(3)(J); 20 C.F.R. § 404.1535.

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Homer's recommendation with respect to the ALJ's findings regarding severe listed impairments is **ADOPTED** and the Commissioner's decision on this issue is **AFFIRMED**; and the Court further

**ORDERS** that Magistrate Judge Homer's recommendation with respect to Plaintiff's subjective complaints of pain is **ADOPTED** and the Commissioner's decision on this issue is **REVERSED**; and the Court further

**ORDERS** that Magistrate Judge Homer's recommendation with respect to Plaintiff's residual functional capacity is **ADOPTED** and the Commissioner's decision on this issue is **REVERSED**; and the Court further

**ORDERS** that, for the above-state reasons, this matter is **REMANDED** to the Agency, pursuant to sentence four of 42 U.S.C. § 405(g), for a hearing to reconsider Plaintiff's disability consistent with this Memorandum-Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: May 26, 2009
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge